## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

Kevin Byers,

    Plaintiff/Movant,

Oxford Law, LLC; and DOES 1-10, inclusive,

    Defendants.

## COMPLAINT

For this Complaint, the Plaintiff, Kevin Byers, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Kevin Byers ("Plaintiff"), is an adult individual residing in Fort Collins, Colorado, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Oxford Law, LLC ("Oxford"), is a Pennsylvania business entity with an address of 311 Veterans Highway Suite 100A, Levittown, Pennsylvania 19056, operating as a

collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Oxford and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Oxford at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to Verizon (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Oxford for collection, or Oxford was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Oxford Engages in Harassment and Abusive Tactics

## FACTS

12. On July 17, 2012, Defendant began contacting Plaintiff in an attempt to collect the Debt.

13. Defendant placed a call to Plaintiff's cell phone number using an automated telephone dialer system with an artificial or prerecorded voice (hereafter "Robocalls").

14. Plaintiff never gave his consent to Creditor to be called at his cellular phone.

15. During the initial Robocall, Defendant identified itself as Thomas Landis Law Firm.

16. When Plaintiff followed the Robocall's prompt to call the Defendant back, Defendant identified itself differently as Oxford Law Office.

17. Furthermore during this conversation, Defendant stated that Plaintiff was refusing to pay the Debt and threatened to send the Plaintiff to court.

18. Additionally, Plaintiff sent Defendant written notification to cease all contact with Plaintiff.  Defendant, however, continued to place a call to Plaintiff despite receiving such notification.

19. To date, no such legal action has been taken.

### C. Plaintiff Suffered Actual Damages

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FEDERAL FAIR DEBTCOLLECTION PRACTICES ACT - 15 U.S.C. § 1692, *et seq.*

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease

communication.

24. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

25. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

26. The Defendants' conduct violated 15 U.S.C. § 1692e(14) in that Defendants used a name other than the true name of the debt collection agency.

27. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Without prior consent the Defendants contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

1. The foregoing acts and omissions of the Defendants violations of the Telephone Consumer Protection Act, including the above-cited provision.

2. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding Plaintiff actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendants, awarding Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendants, jointly and severally, awarding Plaintiffs recovery of his litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 16, 2012

Respectfully submitted,

By __/s/ Lark Fogel_____

Lark Fogel, Esq.

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

Law Office of Lark Fogel
Bar Number: 030383
lfogel@lemberglaw.com
Attorneys for Plaintiff

5

<u>Plaintiff:</u>
Kevin Byers
2921 Timberwood Drive, Apt. 9-202
Fort Collins, Colorado 80528